UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>    v.<br><br>GREGORY CECIL EARLY,<br><br>                    Defendant. | CASE NO. 2:10-CR-0178-EFS<br><br>**ORDER DENYING THE FEDERAL DEFENDER'S RENEWED MOTION FOR APPOINTMENT OF COUNSEL** |

The Court is again asked by the Federal Defenders of Eastern Washington and Idaho to appoint an attorney from the office as counsel for Defendant Gregory Cecil Early, who was sentenced in 2012, in order to investigate whether habeas corpus relief under 28 U.S.C. § 2255 in light of *Johnson v. United* States, 135 S. Ct. 2551 (2015), is a potential for Mr. Early.[1] ECF No. 118. This motion follows the Court's March 25, 2016 denial of an earlier motion for appointment of counsel. ECF Nos. 116 & 117. The Federal Defenders ask the Court to reconsider the denial

---

[1] This motion was filed as an ex parte motion. However, there is nothing contained in the motion that requires restricting public review of the motion. Accordingly, the Court directs the Clerk's Office to convert it to a public motion on the docket.

ORDER - 1

of appointment of counsel because 1) *Johnson* applies to individuals sentenced under the U.S. Sentencing Guidelines, and 2) other districts across the Ninth Circuit have appointed counsel for defendants whom were previously appointed counsel to determine if such a defendant is potentially eligible for relief under § 2255 in light of *Johnson*. For the reasons that follow, the Court abides by its prior denial of counsel and denies the motion.

First, the Court recognizes that other districts have elected a "blanket" appointment process for defendants to determine if the filing of a § 2255 motion in light of *Johnson* is appropriate. Thus far, this district has not taken a "blanket" approach but rather will consider independent motions for appointment of counsel. The Court did so in this case, and again addresses another motion for appointment of counsel for Mr. Early.

Second, the Court recognizes that many sections of the U.S. Sentencing Guidelines call for an analysis of whether a defendant's prior conviction qualifies as a "crime of violence" either for purposes of an enhancement to the base offense level, such as section 2K2.1(a)(3) (firearm offense), or for purposes of Career Offender status under Guideline section 4B1.2, as in Mr. Early's case. Now following *Johnson*, either at sentencing or upon resentencing after a remand, the Court must abide by *Johnson* and subsequent Ninth Circuit case law, *see United States v. Hernandez-Lara*, 2016 WL 1239199, --- F.3d ---- (9th Cir. March 29, 2016) (finding that the Immigration and Nationality Act's definition of aggravated felony was void for vagueness). However, Mr. Early's case is at a different procedural posture; he is potentially seeking

ORDER - 2

collateral relief under 28 U.S.C. § 2255. Although unfair results may occur in light of *Johnson* and the procedural restrictions imposed by § 2255's one-year statute of limitations, such is the nature of direct versus collateral proceedings.[2]

As the Court indicated in its earlier order denying appointment of counsel, Mr. Early was not sentenced to an Armed Career Criminal Act (ACCA) enhanced sentence. Instead, Mr. Early elected to enter into a plea agreement with the government and plead to drug distribution as charged in the Information Superseding Indictment. The Plea Agreement stated,

> At the time of sentencing, the United States agrees to move the Court to dismiss the Indictment, CR-10-0178. The Defendant understands that the benefit of this Plea Agreement is that a conviction to Count 1 of CR-10-178-EFS would likely result in a finding by the Court that he is an Armed Career Criminal, pursuant to 18 U.S.C. § 924(e)(1), which would result in a statutory mandatory minimum fifteen (15) year sentence of incarceration.

ECF No. 78 ¶ 8(b). The Plea Agreement was pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). The Court accepted the plea of guilty but delayed acceptance of the Plea Agreement until sentencing. ECF No. 79. The Plea Agreement contained the following paragraph in regard to appeal rights:

> The Defendant understands that he has a limited right to appeal or challenge the conviction and sentence imposed by

---

[2] *Johnson* could be determined not to have retroactive application *in toto* or as to other matters, such as "crime of violence" under the Guidelines. The question of retroactivity should be addressed, at least as to defendants whom received an enhanced sentence under the Armed Career Criminal Act based on a prior "residual clause" conviction, by the Supreme Court in *Welch v. United States*, No. 15-6418, 2015 WL 9666637 (2016).

ORDER - 3

> the Court. If the Court sentences the Defendant to no more than one-hundred and eighty (180) months incarceration, followed by a five (5) year term of supervised release, $100 special penalty assessment, and any applicable restitution, the Defendant hereby expressly waives his right to appeal his conviction and the sentence the Court imposes, including any restitution order. The Defendant further expressly waives his right to file any post-conviction motion attacking his conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not now known by the Defendant and which, in the exercise of due diligence, could not be known by the Defendant by the time the Court imposes the sentence. Moreover, if the Defendant does file an appeal, the Defendant acknowledges and agrees that the United States may move to reinstate all counts in Indictment CR-10-178-EFS.

ECF No. 78 ¶ 16. After reviewing the presentence investigation report and the sentencing memoranda submitted by both parties, and considering oral argument and the 18 U.S.C. § 3553(a) sentencing factors, the Court accepted the binding plea agreement and imposed 162 months of imprisonment, which was below the applicable Sentencing Guideline range of 262 to 327 months. ECF No. 105.

Although Mr. Early was sentenced to a significant amount of imprisonment, the imposed sentence was consistent with the parties' Plea Agreement. Plea negotiating is a matter of contract. "Plea agreements, the Supreme Court has long instructed, may waive constitutional or statutory rights then in existence as well as those that courts may recognize in the future." *United States v. Bradley*, 400 F.3d 459, 463 (6th Cir. 2005). "A favorable change in the law does not entitle a defendant to renege on a knowing and voluntary guilty plea." *United States v. Cortez-Arias*, 425 F.3d 547, 548 (9th Cir. 2005), amending in part *United States v. Cortez-Arias*, 403 F.3d 1111 (9th Cir. 2005); *see also Brady v. United States*, 397 U.S. 742, 757 (1970) ("[A] voluntary

ORDER - 4

plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise."). The Court found Mr. Early's plea to be knowing, intelligent, and voluntary, ECF No. 79, and the Court accepted the binding plea agreement, ECF No. 105. Accordingly, Mr. Early "is bound by the terms of his [binding] plea agreement, and [the Court] decline[s] to vitiate the terms of his bargained-for exchange with the government." *Cortez-Arias*, 425 F.3d at 548. Mr. Early may not now file a § 2255 motion because he expressly waived this right in the plea agreement, except for a § 2255 motion based on ineffective assistance of counsel.

Mr. Early cannot obtain § 2255 relief based on a claim of ineffective assistance of counsel in light of *Johnson*. When assessing whether counsel's assistance was reasonable considering all the circumstances, the Court must consider the adequacy of counsel's assistance at the time of the assistance and whether Mr. Early was prejudiced by counsel's inadequate performance. *See Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). At the time of plea and sentencing, Mr. Early's counsel reasonably understood that Mr. Early would qualify as an Armed Career Criminal or a Career Offender under the Sentencing Guidelines given Defendant's prior convictions for first degree burglary under RCW 9A.52.020(1)(B), second degree assault under RCW 9A.36.021(1)(a), and two convictions for distributing controlled substances under RCW 69.50.401(A). *See* Plea Agreement, ECF No. 78 ¶ 8(b); Presentence Investigation Report, ECF No. 103.

ORDER - 5

1     Even if Mr. Early had proceeded with the original Indictment,
2  plead to the Indictment, and had been found not to have been an Armed
3  Career Criminal or a Career Offender, Mr. Early was likely facing a
4  total offense level of 33, given the original charges and the amount of
5  methamphetamine involved, and a criminal history category VI, which
6  results in a range of 245-293 months. Mr. Early was sentenced well below
7  this Guideline range. Therefore, Mr. Early would be unable to show
8  prejudice resulting from his prior counsel's advice to proceed with an
9  Information Superseding Indictment and to plead to the drug distribution
10 charge therein.

11    Accordingly, Mr. Early is plainly not entitled to § 2255 relief
12 in light of *Johnson* because he negotiated a binding plea agreement, as
13 part of his binding Plea Agreement he waived his right to file a § 2255
14 motion except for ineffective assistance of counsel, and his prior
15 counsel was not ineffective for advising Mr. Early that he was
16 potentially facing an ACCA sentence under the then-existing ACCA case
17 law. The Court finds no basis on which counsel would assist Defendant
18 with a *Johnson*-based motion.

19    For the reasons given above and as set forth in the Court's prior
20 Order, ECF No. 117, **IT IS HEREBY ORDERED**:

21    1.  The Clerk's Office is to convert the Motion to Reconsider
22        Denial of Appointment of Counsel, **ECF No. 118**, to a **public**
23        motion because there is nothing contained in the motion that
24        requires restricting public review of the motion.
25    2.  The Motion to Reconsider Denial of Appointment of Counsel,,
26        **ECF No. 118**, is **DENIED**.

ORDER - 6

1      3.     The Court ISSUES a certificate of appealability as to the whether Mr. Early is entitled to § 2255 relief in light of *Johnson*. Given the contested litigation at the appellate and district court levels regarding *Johnson* and its impact, the Court finds that Mr. Early made a substantial showing of the denial of his Fifth Amendment due process right and therefore issues a certificate of appealability. See 28 U.S.C. § 2253(c)(1)(B).

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel and the U.S. Probation Office.

**DATED** this   12th   day of April 2016.

s/Edward F. Shea
EDWARD F. SHEA
Senior United States District Judge

Q:\EFS\Criminal\2010\0178.renewed.motion.for.counsel.lc1.docx

ORDER - 7